# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD STRICKLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. NORDSTROM,<br><br>　　　　Defendant. | Case No. 1:23-cv-719-KES-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 11) |

Plaintiff Mark Edward Stricklen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This case was recently reassigned to the undersigned. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 11.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

1  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
2  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
3  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
4        To survive screening, Plaintiff's claims must be facially plausible, which requires
5  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
6  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
7  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
8  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
9  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

10  **II.     Plaintiff's Allegations**

11        Plaintiff is currently housed in California Substance Abuse Treatment Facility in
12  Corcoran, California ("SATF") where the events in the first amended complaint are alleged to
13  have occurred.  Plaintiff names Colin Nordstrom, physical therapist, as the sole defendant.
14        Plaintiff alleges on July 21, 2022, Plaintiff started physical therapy with Defendant
15  Nordstrom.  He had the authority to schedule Plaintiff for all sessions.  Plaintiff was scheduled to
16  go to physical therapy two times a week with each session being no less than 30 minutes and no
17  longer than 45 minutes.  On September 2, 2022, during physical therapy with Nordstrom,
18  Nordstrom asked Plaintiff if he wanted to hear a joke.  Defendant Norstrom said: "why did the
19  chicken cross the road," "because a Black guy was chasing him."  Plaintiff didn't laugh.
20  Norstrom explained that it is because black people like to each fried chicken.  Plaintiff is Black.
21  Norstrom said that he can tell a joke about a white person to balance it out.  Plaintiff ignored it
22  and continued with the session.
23        Twenty minutes after the racial joke, Defendant Nordstrom said " you know I don't like to
24  criticize people" and Plaintiff said that's a lie and said that Nordstrom had said something about
25  Jews thinking they are a superior race.  Nordstrom said "its in their book the Torah." Plaintiff
26  said, "you said maybe that's why Hitler did what he did."  Nordstrom said, "What you're calling
27  me a Hitler apologetic."  And Plaintiff said he was just repeating what Nordstrom had said.
28  Nordstrom then told Plaintiff he is "out of here" and discharged Plaintiff from therapy.  Plaintiff

1  was still unable to walk on his own without the assistance of crutches.

2  On September 6, 2022, Plaintiff received and "inmate priority pass" for the normal
3  procedure for Plaintiff to receive 2 ducats for physical therapy. On the day, when Plaintiff arrived
4  for physical therapy, Nordstrom turned Plaintiff around saying Plaintiff was not scheduled for a
5  session, despite Plaintiff having a ducat in hand for verification. Nordstrom insisted Plaintiff was
6  not scheduled and denied physical therapy. Norstrom could have checked the system that Plaintiff
7  had a therapy session scheduled.

8  Nordstrom did tell Plaintiff to sit and said Plaintiff has 4 more sessions and they would be
9  for 15 minutes without conversations. Plaintiff was then sent back to housing.

10  Plaintiff received his last therapy session on September 29, 2022, despite orthopedic
11  surgeon who performed the Achilles tendon repair recommendation for physical therapy to
12  continue for full recovery. On November 2, 2022, the institutional doctor Griffith placed an order
13  for Plaintiff to receive physical therapy, reiterating the surgeon's recommendations. On
14  November 28, 2022, Plaintiff received a pass for physical therapy. Defendant Nordstrom gave
15  Plaintiff one sheet of paper with 2 exercises printed out from a computer. Plaintiff was told that
16  would be it. Defendant Norstrom willfully and deliberately ignored the surgeon doctor's
17  recommendation and institutional doctor Griffith's order for psychical therapy.

18  Plaintiff alleges that as a result of denial of prescribed physical therapy, plaintiff continues
19  to experience extreme tightness from calf muscles to the heal bone, motion and strength are
20  difficult, Plaintiff has minimal weight bearing. Plaintiff walks with a noticeable limp and is
21  unable to perform work duties at full capacity because of swelling around the ankle. Plaintiff is
22  not able to properly bend his foot and walk on it. Plaintiff continued to suffer from severe pain
23  and limited mobility and is unable to sleep because of pain.

24  As remedies, Plaintiff compensatory and punitive damages and injunctive relief.

25  **III.  Discussion**

26  **Eighth Amendment**

27  A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in
28  violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate

3

1  indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)
2  (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate
3  indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure
4  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
5  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
6  indifferent." *Jett*, 439 F.3d at 1096.

7       A defendant does not act in a deliberately indifferent manner unless the defendant "knows
8  of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825,
9  837 (1994).  "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051,
10 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a
11 prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at
12 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a
13 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
14 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
15 cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*,
16 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to
17 serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

18       Liberally construing the allegations in the complaint, Plaintiff states a claim against
19 Defendant Nordstrom for deliberate indifference to medical care.

20       **Declaratory Relief**

21       To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A
22 declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
23 judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*,
24 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful
25 purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and
26 afford relief from the uncertainty and controversy faced by the parties." *United States v.*
27 *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a
28 verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights

were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV.    Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Colin Nordstrom for deliberate indifference to medical care.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's first amended complaint against Defendant Colin Nordstrom for deliberate indifference to medical care, and
2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:    **October 10, 2025**              /s/ Barbara A. McAuliffe            _
                                                              UNITED STATES MAGISTRATE JUDGE