UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD STRICKLEN, | No.  1:23-cv-00719-KES-BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| NORDSTROM, | (Doc. 19) |
| Defendant. | |

Plaintiff Mark Edward Stricklen is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 6, 2025, the Court issued an order reassigning this case from Magistrate Judge Gary S. Austin to Magistrate Judge Barbara A. McAuliffe for all further proceedings.  Doc. 14. On October 22, 2025, that order was returned as "Undeliverable, Inactive, Discharged, Return to Sender, Refused, Unable to Forward."  Other court orders were also returned as undeliverable. *See* docket.

On December 1, 2025, the magistrate judge issued findings and recommendations, recommending dismissal of this action, without prejudice, based on plaintiff's failure to prosecute. Doc. 19.  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. *Id.* at 3.  No

1

objections have been filed, and the deadline to do so has passed.[1]

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case. The magistrate judge correctly concluded that under the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—dismissal of this case without prejudice is warranted. *Id.* at 2–3 (applying *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to prosecute based on noncompliance with local rule).

The Court finds that the relevant factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not update his address with the Court. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, the risk of prejudice to the defendants also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action.").

---

[1] The findings and recommendations were also returned as "Undeliverable, Refused, Return to Sender" on December 17, 2025. Nevertheless, the Court's service is deemed fully effective pursuant to Local Rule 182(f).

Because plaintiff has not kept the Court apprised of his current address, this matter cannot be prosecuted, nor can it be disposed of on its merits.

Accordingly:

1. The findings and recommendations issued on December 1, 2025, Doc. 19, are adopted;

2. This action is dismissed, without prejudice, due to plaintiff's failure to prosecute; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    January 13, 2026

UNITED STATES DISTRICT JUDGE

3